Smith v. Penn Tank Lines                    CV-00-220-JD  05/29/01

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


James E. Smith, et al.

   v.                                      Civil No. 00-220-JD
                                       Opinion No. 2001 DNH 103
Penn Tank Lines
and Agchem Service


O R D E R


The plaintiffs, James E. Smith and Leslie Smith d/b/a Smith Farm Orchard, bring claims of negligence, breach of contract, and violation of the New Hampshire Consumer Protection Act against Penn Tank Lines and Agchem Service, arising from harm to the plaintiffs' apple orchard after pesticide spraying. Agchem ordered the pesticide from Sunoco, Inc. and arranged to have it delivered by Penn Tank Lines. Penn Tank Lines moves for summary judgment and Agchem joins Penn Tank Lines's motion. The plaintiffs object.


Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The record evidence is construed in the light most favorable to the nonmoving party and all reasonable inferences are construed in that party's favor. See Mauser v. Raytheon Co. Pension Plan for Salaried Employees, 239 F.3d 51, 56 (1st Cir. 2001). A material fact is one that "has the potential to change the outcome of the suit under the governing law" and a factual dispute is genuine if "the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party." Grant's Dairy--Me., LLC v. Comm'r of Me. Dep't of Agric., Food & Rural Res., 232 F.3d 8, 14 (1st Cir. 2000).

The party with the burden of proof cannot rely on speculation or conjecture and must present "more than a mere scintilla of evidence in its favor." Invest Almaz v. Temple-Inland Forest Prods. Corp., 243 F.3d 57, 76 (1st Cir. 2001). An absence of evidence on a material issue weighs against the party who would bear the burden of proof at trial on that issue. See Perez v. Volvo Car Corp., 2001 WL 432414, at *3 (1st Cir. May 2, 2001).

## Background[1]

In 1997, the Smiths operated two apple orchards in the area of Barnstead, New Hampshire. One of the orchards was owned by William and Charles Lord. As they had in past years, in early 1997, the Lords purchased a pesticide, Sun Spray 6E, from Agchem to spray in the orchards. The pesticide was shipped by Penn Tank Lines from the manufacturer, Sunoco, to Agchem. Agchem unloaded the pesticide into containers, and Agchem contracted with another delivery service to transport the pesticide to the Lords.[2]

The Smiths and the Lords sprayed their orchards with the pesticide as they had done in past years. After spraying, James Smith noticed that the leaves on his trees began to suffer from burns. He inspected the remaining pesticide and found that it was not the same color as in past years.

Penn Tank Lines had a sample of the remaining pesticide analyzed by Mark F. Young of Young Laboratories, Inc. and submitted a copy of his report with its motion for summary judgment. The report concluded that pesticide separated into two

---

[1]Since neither party complied with the requirements of LR 7.2(b) to include a properly supported factual statement in their memoranda, the factual summary here is for background information only.

[2]The Lords were plaintiffs in this suit until April 24, 2001, when they filed a notice of voluntary dismissal.

3

levels with water, which had a greater density than the solvent used in the petroleum pesticide spray, constituting the lower level. When the spray is mixed, the water distributes through the petroleum pesticide, making a cloudy emulsion. The upper layer of the sample was determined not to contain diesel fuel.

The deadline for disclosure of the plaintiffs' expert witnesses was February 1, 2001. As of March 26, 2001, the plaintiffs had not disclosed an expert witness.

## Discussion

The plaintiffs allege that Agchem was negligent in "supplying and delivering a contaminated, defective, or otherwise unfit product that did not properly complete its intended purpose." Compl. ¶ 12. The plaintiffs further allege that Agchem breached its contract with the Lords to provide and deliver uncontaminated pesticide and that the Smiths were third-party beneficiaries of that contract. As to Penn Tank Lines, the plaintiffs allege that it was negligent in contaminating or knowingly transporting contaminated pesticide and breached its contract with Agchem, to which the plaintiffs were third-party beneficiaries, to deliver uncontaminated pesticide. The plaintiffs also allege that both defendants' actions violated the New Hampshire Consumer Protection Act.

4

The defendants argue that the plaintiffs cannot prove their claims, which all rely on proof that the pesticide was contaminated and caused damage to the orchards, without an expert witness. The New Hampshire Supreme Court has required expert evidence, "whenever the matter to be determined is so distinctly related to some science, profession, business, or occupation as to be beyond the ken of the average layman." Lemay v. Burnett, 139 N.H. 633, 635 (1995); accord Willard v. Park Indus., Inc., 69 F. Supp. 2d 268, 272 (D.N.H. 1999); Powell v. Catholic Med. Ctr., 749 A.2d 301, 306 (N.H. 1999). The defendants contend that the nature and source of the alleged contamination and the cause of the plaintiffs' claimed damages are beyond the general knowledge and experience of jurors.

The court agrees that the properties and operation of a pesticide for use in an apple orchard is beyond jurors' general knowledge and experience. Since the defendants have submitted the report of their expert witness about the pesticide in question, the plaintiffs cannot avoid summary judgment on their claims absent contrary expert testimony. The plaintiffs argue that James Smith can testify about the nature and performance of the pesticide. Such testimony, however, is based on his particular experience with pesticides as part of his occupation of operating apple orchards. In that regard, therefore, he would

5

be testifying as an expert witness based on his experience in operating apple orchards.  See Fed. R. Evid. 702; Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999).  Similarly, the plaintiffs' res ipsa loquitur argument relies on a foundation of evidence that could only be provided by an expert.

The plaintiffs represent that they have now, belatedly, disclosed an expert witness and claim to have submitted their disclosure to the defendants and to the court as Exhibit 1 attached to their memorandum.[3]  No such exhibit was attached to the plaintiffs' objection and memorandum filed with the court.

Even if an expert has now been disclosed, the plaintiffs do not dispute that they did not comply with the timeliness requirements of Federal Rule of Civil Procedure 26(a)(2)(C).  As a result, they are obligated under Federal Rule of Civil Procedure 37(c)(1) to show that the delay in their disclosure is either justified or harmless.  See Wilson v. Bradlees of New England, Inc., 2001 WL 521356, at *6 (1st Cir. May 17, 2001); Ortiz-Lopez v. Sociedad Espanola De Auxilio Mutuo Y Beneficiencia De P.R., 2001 WL 454516 (1st Cir. May 3, 2001).  The plaintiffs have done neither.

---

[3]Although the plaintiffs represent that they disclosed an expert witness's report in documents produced to Penn Tank Lines in September of 2000, the plaintiffs acknowledge that they did not comply with Rule 26(a)(2).

The plaintiffs argue instead that the defendants' motion for summary judgment is premature because discovery is continuing in the case. Although the plaintiffs do not reference Federal Rule of Civil Procedure 56(f), or comply with the rule's requirements, they apparently seek its relief. Cf. Ricci v. Alternative Energy Inc., 211 F.3d 157, 159 n.1 (1st Cir. 2000) (party seeking Rule 56(f) protection must file appropriate affidavit); Simas v. First Citizens' Fed. Credit Union, 170 F.3d 37, 45 n.4 (1st Cir. 1999) (stating five requirements for relief under Rule 56(f)).

The continuing discovery, which the plaintiffs argue should delay summary judgment, pertains to the date of the delivery of the pesticide and the identification of the tanker involved in the delivery. The plaintiffs do not explain how those matters are material to the present issue of their failure to timely disclose an expert witness. Although the plaintiffs argue that the disclosure deadlines should have been extended, they did not, and still have not, moved for such an extension. Therefore, the plaintiffs have not made a sufficient showing that further discovery would aid them in justifying their lack of an expert witness to invoke the protection of Rule 56(f). See, e.g., FDIC v. Kooyomjian, 220 F.3d 10, 15 (1st Cir. 2000); Resolution Trust Corp. v. North Bridge Assocs., 22 F.3d 1198, 1203 (1st Cir. 1994).

7

The defendants are correct that the plaintiffs cannot prove their claims without the testimony of an expert witness as to the nature and source of the alleged pesticide contamination and the damages caused by the contamination. The defendants submitted the uncontested report of their expert witness to show that the pesticide was not contaminated. Therefore, based on the record presented, the defendants are entitled to summary judgment. Since Penn Tank Lines's third-party claim against Sunoco is in essence an indemnification claim and arises only in the event that Penn Tank Lines is found to be liable to the plaintiffs, that claim is dismissed as moot. See, e.g., Carreiro v. Rhodes Gill & Co., Ltd., 68 F.3d 1443, 1451 (1st Cir. 1995).

## Conclusion

For the foregoing reasons, the defendants' motion for summary judgment (document no. 29) is granted. The third-party complaint against Sunoco, Inc. is dismissed as moot. The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

May 29, 2001
cc: Kenneth G. Bouchard, Esquire
    George W. Lindh, Esquire
    Eric A. Kane, Esquire
    Kevin M. Leach, Esquire
    John B. Reilly, Esquire

8